IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PAMELA KAY LACOST,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 21-1083-JWL |
| **ANDREW M. SAUL,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's "Motion to Proceed without Prepayment of Fees" (Doc. 3) and "Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel" (Doc. 4), filed contemporaneously with her complaint in this case. In her Complaint, Plaintiff appears to seek judicial review pursuant to 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration denying benefits. (Doc. 1).

After reviewing the Affidavit of Financial Status filled with Plaintiff's Complaint, the court finds that Plaintiff is unable to pay the fees in this case and will grant her motion to proceed in forma pauperis in accordance with 28 U.S.C. § 1915(a).

Unlike a criminal case, a party in a civil case has no constitutional right to appointment of counsel. Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989).

Pursuant to 28 U.S.C. § 1915(e), the court may in its discretion appoint counsel in a civil action to represent a person proceeding in forma pauperis who is unable to afford counsel.   See Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir. 1991); 28 U.S.C. § 1915(e) ("The court may request an attorney to represent any person unable to afford counsel."); see also Ekis v. Comm'r of Soc. Sec., Civ. A. No. 96-2418-JWL, 1996 WL 633850 (D. Kan. Oct. 28, 1996) (applying 28 U.S.C. § 1915(e) in a Social Security case).

In determining whether to appoint counsel, the district court should give careful consideration to all the circumstances, including whether the plaintiff has a colorable claim.   Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004); Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).   As the court in Hill noted, "'The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.'   McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).   'Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned.'   Id. at 839" (a prisoner with multiple sclerosis, diminished eyesight, hearing, and ability to communicate who attended court in a wheelchair and needed to present complex medical issues requiring expert opinion should have been appointed counsel).

If the court finds that the plaintiff has a colorable claim, the court should "consider the nature of the factual issues raised in the claims and ability of the plaintiff to investigate the crucial facts."   Rucks, 57 F.3d at 979.   The court should consider the following factors:   (1) the merits of the litigant's claims, (2) the nature of the factual

2

issues raised in the claims, (3) the litigant's ability to present her claims, and (4) the complexity of the legal issues raised by the claims.   Id.; Hill, 393 F.3d at 1115; Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991) (citing Maclin v. Freake, 650 F.2d 885, 886 (7th Cir. 1981)).   The court will also consider whether the plaintiff has made a diligent attempt to secure counsel through her own efforts.   Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1420 (10th Cir. 1992) (applying the rule in a Title VII case pursuant to 42 U.S.C. § 2000e-5(f)(1)).

Since this case is a review of the Commissioner's decision on Plaintiff's application for benefits pursuant to the Social Security Act, the court is unable to determine whether Plaintiff's claim is colorable, and unable to consider the factors enumerated above until the Commissioner answers the complaint and files the administrative record herein.

Moreover, the court is aware that most attorneys who practice Social Security appeals before this court do not charge a fee for services rendered in a Social Security case unless the appeal is successful and benefits are ultimately awarded.   In such a case, attorney fees are limited by the Social Security Act to twenty-five percent of past-due benefits.   Therefore, it is possible Plaintiff may secure the services of an attorney even after filing her complaint pro se.   Moreover, Plaintiff applied for the appointment of counsel on the court's form application in which the Plaintiff stated she

> understand[s] that the court typically requires that before seeking an appointed attorney, a plaintiff confer with (**not** merely contact) **at least five** attorneys regarding legal representation.   Below is a list of the attorneys

> that I have contacted, a **detailed description** of the efforts that I made to obtain representation, and the **responses that I received**

(Doc. 4, p.2) (bold added).

Plaintiff reports that she has sought representation from only two law firms, and did not provide the dates of her contact, the response received, or a detailed description of her efforts to obtain representation.   Id.   That is not such a diligent search as the court requires, especially since Social Security practitioners do not usually charge clients unless they win, and then only from past due benefits received.   Therefore, the court denies Plaintiff's motion for appointment of an attorney.

**IT IS THEREFORE ORDERED that** Plaintiff's motion to proceed in forma pauperis (Doc. 3) is GRANTED.

**IT IS FURTHER ORDERED that** Plaintiff's Motion to Appoint Counsel (Doc. 4) is DENIED.

Dated this 24th day of March 2021, at Wichita, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**