## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PAMELA KAY LACOST,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **vs.** ) | |
| ) | **No. 21-1083-JWL** |
| **KILOLO KIJAKAZI,[1]** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff filed her <u>pro se</u> complaint on March 29, 2021.   (Doc. 1).   She also filed

a Motion for Leave to Proceed <u>in forma pauperis</u> and a Motion to Appoint Counsel.

(Docs. 3, 4).   The court granted Plaintiff's <u>in forma pauperis</u> motion but denied her

motion to appoint counsel because the Commissioner had not filed her answer at that

time and because Plaintiff had contacted only two law firms and had not made such a

diligent search as required to secure counsel.   (Doc. 5, pp.3-4).   On July 30, 2021 the

Commissioner filed her answer and the administrative record in this case.   (Doc. 12).

When Plaintiff did not file another motion to appoint counsel, a timely brief, or any other

---

1 On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security.   In
accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is
substituted for Commissioner Andrew M. Saul as the defendant.   In accordance with the last
sentence of 42 U.S.C. § 405(g), no further action is necessary.

response to the Commissioner's answer, the court issued a Scheduling Order on

September 21, 2021 notifying Plaintiff that she was required to file a Social Security

Brief in accordance with the local rules, directing Plaintiff to the local rules, and ordering

Plaintiff to file her brief or seek an extension of time no later than October 22, 2021.

(Doc. 13, p.2).   When Plaintiff again failed to file a brief or request an extension of time

by the deadline, the court issued an Order to Show Cause no later than December 1, 2021

why this case should not be dismissed in accordance with Federal Rule of Civil

Procedure 41b and Rule 41.1 of the Local Rules for failure to prosecute this case and for

failure to obey the order of the court.

     Plaintiff responded to the order to show cause by filing a 9-page document without

title or narrative.   (Doc. 15).   Plaintiff's response does not address why she did not file

a brief or request an extension of time to do so and does not explain why the case should

not be dismissed for failure to prosecute the case or to obey the court's scheduling order.

The first two pages (1 and 2) of Plaintiff's response appear to be a reformatted copy of

Plaintiff's Complaint in this case, add nothing new to the case, and say nothing about

why Plaintiff believes the Administrative Law Judge erred in deciding this case. The next

three pages (3-5) of Plaintiff's response are titled "Binder A," appear to list certain of

Plaintiff's medical conditions; and in most cases cite to page numbers, and/or provider

names, and/or exhibit numbers.   The next two pages (6-7) are titled "Binder B," and

contain another list of certain of Plaintiff's medical conditions with similar citations.

Page 8 of the response contains a list of medical conditions, apparently those of Plaintiff.

Page nine is blank.   The page numbers in Binders A and B do not coordinate with page numbers in the Social Security Administration's (SSA) record in this case but the provider names appear to correlate and the statements in the binders relate to the exhibit numbers listed in at least some of the instances the court checked.

However, as noted above, none of Plaintiff's response addresses why Plaintiff did not file a brief or request an extension of time to do so and does not explain why the case should not be dismissed for failure to prosecute the case or to obey the court's scheduling order.   The court might assume Plaintiff intended this response to be her Social Security Brief in accordance with Local Rule 83.7.1(d).   Even if the court were to make that assumption, that does not explain why the case could not be dismissed.   Moreover, Plaintiff has not explained how she believes the Administrative Law Judge erred in the decision he made or how the information presented in her response shows that she was disabled before her date last insured, December 31, 2018.   This court may only determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.   Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).   It may not "reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try

the issues <u>de novo</u>, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting <u>Harrell v. Bowen</u>, 862 F.2d 471, 475 (5th Cir. 1988)).

The court recognizes that Plaintiff was represented by counsel before the Social Security Administration and is not so represented here.   Therefore, the court has reviewed the transcript of record filed by the SSA and notes Plaintiff is said to be of average intellectual functioning and that in her function report and at the hearing before the Administrative Law Judge she was able to relate her condition and why she felt she was disabled.   This indicates she is also able to present her arguments of error in the SSA decision to this court.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."   <u>Reed v. Bennett,</u> 312 F.3d 1190, 1195 (10th Cir. 2002).   Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice."   <u>Id.</u> (quotation omitted).   In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors:   (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction would be effective.   <u>Gripe v. City of Enid</u>, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916

(10th Cir. 1992)).   "It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."   Ehrenhaus, 965 F.2d at 916.

Turning to the first factor, the Commissioner has suffered some prejudice by Plaintiff's failure to actively prosecute this case.   The Commissioner has invested time and effort into researching and preparing an answer in this case and into preparing the administrative record and converting it into a format which is compatible with filing in the court's electronic case filing system.   Moreover, the Commissioner was required to utilize resources to monitor and review each of the court's orders and Plaintiff's motion to appoint counsel and determine whether any action on her part was necessary or appropriate in the circumstances.

The second factor also somewhat supports dismissal of this action.   The manner in which Plaintiff has prosecuted this case (or, perhaps more accurately, not prosecuted this case) has risen to the level of interfering with the judicial process.   The court has invested time and effort into shepherding this case through the briefing process laid out in Local Rule 83.7.1, without success.   Plaintiff's responses so far do not indicate that any amount of time will result in production of a Social Security Brief stating her position on or errors in the Commissioner's decision of her case.

This leads to consideration of the third factor which focuses on the plaintiff's culpability.   The third factor also weighs in favor of dismissal.   As is more fully laid out above, Plaintiff has failed to prepare and file a Social Security Brief since the

Commissioner filed her answer and the administrative record on July 30, 2021.
Plaintiff's only response to the court's orders has been her response to the Order to Show
Cause which, as discussed above does not respond in any meaningful way.

The fourth factor is also satisfied.    The court's "Order to Show Cause"
specifically warned Plaintiff that her failure to respond could result in dismissal of her
case.    (Doc. 15).

Finally, the court considers the efficacy of lesser sanctions.    Here, the court has
repeatedly granted Plaintiff leniency in light of her status as a pro se litigant.    It has
repeatedly directed Plaintiff to the applicable portions of the Local Rules governing the
preparation and submission of briefs in Social Security cases.    It has rescheduled the
briefing in this case to afford Plaintiff more time to prepare her brief explaining the errors
in the Commissioner's decision--all to no avail.    Moreover, the court has been unable to
identify any appropriate lesser sanction in a Social Security case which would secure
prosecution of the case.    After carefully reviewing the record before the court and the
history of this case, the court concludes that no remedy short of dismissal would be
effective.

After consideration of the five Ehrenhaus factors in light of the circumstances of
this case, the court concludes that the factors weigh in favor of dismissal of this action.
Defendants have suffered prejudice by virtue of having devoted resources to preparing
and filing an answer and the administrative record in this case, and monitoring the
numerous orders entered by the court in its attempts to secure prosecution of the case.

6

Meanwhile, this case is interfering with the judicial process because it continues to linger on the court's docket without any meaningful progress toward resolution.   Plaintiff's culpability for this predicament is high, as she is well aware of her obligation to prepare a brief.   And, the court forewarned plaintiff that her failure to respond could result in dismissal and yet she still has not done so.   At this point in time, the court believes that dismissal is the only remedy that would be effective.

**IT IS THEREFORE ORDERED** that this case is dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute the case or to comply with the rules of procedure and the court's orders.

A copy of this order shall be mailed to Plaintiff.

Dated December 3, 2021, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**